**FILED**

**OCT 26 2020**

Clerk, U.S. District and
Bankruptcy Courts

FOR THE DISTRICT OF COLUMBIA

DAVID MCCONNELL,                )
                                )
            Petitioner,          )
                                )
v.                              )   Civil Action No: 1:20-cv-02204 (UNA)
                                )
MICHAEL CARVAJAL,               )
                                )
            Defendant.           )

## MEMORANDUM OPINION

This matter is before the court on petitioner's application for leave to proceed *in forma pauperis* and *pro se* petition for a writ of mandamus pursuant to 28 U.S.C. § 1361. The court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), mandating dismissal of a complaint which fails to state a claim upon which relief can be granted.

Petitioner, a federal prisoner who is currently designated to the Federal Correctional Institution, located in Ashland, Kentucky, seeks mandamus relief against the Director of the Federal Bureau of Prisons ("BOP"). He was, in the fall of 2019, informed that he was subject to prison disciplinary proceedings arising out of his alleged possession of a cell phone. He contends that he was never provided with an incident report, which is required to be provided within 24 hours after staff are made aware of the incident. *See* 28 CFR § 541.7(a). Instead, he was advised that the prison was referring the matter to the Federal Bureau of Investigation ("FBI") for potential prosecution, which provides an exception to the 24-hour provision requirement. *See* 28 CFR § 541.7(c).

In November 2019, the relevant Unit Disciplinary Hearing Officer provided petitioner with evidence in advance of his disciplinary hearing, but the documentation referring the matter to the

FBI ("referral documents") were not included in this production. He contends that he requested the referral documents for use at his hearing, but they were never provided, despite BOP's statutory requirement to track such referrals. According to petitioner, he then submitted a Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, request to the FBI for the referral documents, but the FBI responded that it was not in possession of any such documents and that there was no FBI investigation against him. In January 2020, petitioner was found guilty as a result of the disciplinary hearing.

Petitioner essentially alleges that the BOP failed to appropriately and/or timely refer the incident to the FBI, and then concealed these circumstances in order to pursue the disciplinary proceeding against him in a non-compliant manner. He alleges that relevant information was intentionally withheld, creating prejudice and hindering his ability to defend himself at his disciplinary hearing. He requests that this court "compel the BOP to acknowledge that it failed to send [his] incident report to the FBI for potential prosecution, or in the alternative, grant [him] the tracking referral records to the FBI[.]"

A writ of mandamus "compel[s] an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "[M]andamus is 'drastic'; it is available only in 'extraordinary situations.'" *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (citations omitted). Only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff," *Thomas v. Holder*, 750 F.3d 899, 903 (D.C. Cir. 2014), is mandamus relief granted.

Petitioner addresses these requirements in passing but offers little substance in support. "Threadbare recitals of the elements . . . supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For example, petitioner states that "as no other legal

remedy exists to compel the BOP to fulfill its obligation, mandamus is appropriate[,]" but he provides no basis for this statement. The court finds, even at first blush, that alternatives to mandamus do, in fact, exist, and that mandamus is improper given the other available avenues.

First, petitioner may seek review of the FBI's final FOIA determination, or he may seek records from the BOP itself pursuant to FOIA or the Privacy Act, 5 U.S.C. § 552a. *See Sanchez–Alanis v. Federal Bureau of Prisons*, 270 F. Supp. 3d 215, 217 n.1 (D.D.C. 2017) (holding that FOIA and the Privacy Act provide adequate remedy for federal prisoner's claims for release of agency records and, therefore, mandamus relief was not available).

Second, to the extent that petitioner seeks equitable relief and alleges that his rights have been violated or that he suffered some other statutory "legal wrong because of agency action," *Lujan v. National Wildlife Federation*, 497 U.S. 871, 882 (1990), he may have a plausible claim under the Administrative Procedures Act, 5 U.S.C. § 702, or a claim for violations of constitutional due process, *see Brown v. Plaut*, 131 F.3d 163, 169–72 (D.C. Cir. 1997).

For these reasons, the court will grant petitioner's application for leave to proceed *in forma pauperis*, and dismiss the mandamus petition without prejudice, should petitioner elect to refile this matter as a civil complaint, rather than for mandamus relief. An order accompanies this memorandum opinion.

Date:   September 24, 2020

_____/s/_____
RUDOLPH CONTRERAS
United States District Judge